of the clerks of these courts to certify, on the first Monday in each month to the county treasurer, the amount received, stating particularly the source, whence derived and to pay over to him the amount of money thus received. These courts then may fix their rules, require the payment of the one dollar to be made to their respective clerks, by the appellant, on every appeal from a justice of the peace ; and in default of such payment, may, upon the appellee's filing such transcript and paying the dollar as required, declare, that the judgment of the justice shall be affirmed. From the record of the proceedings in this case, it is clear, that the jury fee of $1,00 was not paid to the clerk of the court of common pleas by the appellant ; the only excuse offered to that court for the failure to pay this fee amounts to nothing more than the party's ignorance or neglect. The court of common pleas commences its session on the first Monday in February ; the transcript was made out by the justice of the peace on the 19th of January previous ; on the 26th of February the appellee files a transcript of the proceedings before the justice, and moves to have the judgment below affirmed.

The appellant stands by idle, from the first of February, until near the last day of that month ; and excuses himself by stating that he was looking for his case but could see nothing of it!

This case is one which addressed itself to the sound discretion of the court of common pleas. That court is fully competent to look into the circumstances which surrounded it, and to decide upon them as justice and law required, and having done so, I am not disposed to disturb its judgment. The judgment is affirmed, my brother judges concurring herein.

## STEAMBOAT FALCON *vs.* PATRICK DONOHOE.

APPEAL FROM ST. LOUIS COURT OF COMMON PLEAS.

B. A. HILL, for defendant.

*The judgment before the justice was entirely annulled by the appeal, and the Boat released from the lien thereby.* Turner vs. Northcut and McCarty, 9 Mo. 251, 255, 6 in point.

STEAMBOAT FALCON vs. PATRICK DONOHOE.

The appeal from the justice was not an appeal of the Boat, but the appeal of W. H. Parkinson, captain, who became the *appellant.* The Boat could not appeal, 329, page 186, Rev. Code, 1845.

The proceedings against the Boat were *in rem,* the appeal introduces the appellant and security into the case as appellant and security; the judgment of affirmance is upon the failure of *the appellant to pay* the jury fee. Parkinson is the appellant, and he is the party in default and a judgment is entered against him *in personam;* and the same judgment is entered against the Boat, to wit: a judgment *in personam,* or a proceeding *in rem.* This is manifest error.

But if it is held, notwithstanding, that a judgment might be entered against the Boat, an appeal then by § 9 and § 20, page 185 R. C., *"the judgment should specify to what class of liens the demand belonged."* This is not done, but a *general judgment* is rendered against the Boat, and the appellant and the security commingling proceedings *in rem* and *in personam* together, and taking a judgment against the Boat *"not authorized by law."*

The *spirit of the act* concerning Boats and Vessels, is manifestly, to release the lien on the vessel when she is bonded, or when an appeal is taken from a justice. See § 21, page, 185, R. C. An appeal releases the Boat upon the bond of the appellant and his security, and the act concerning appeals, only permits judgment against the appellant and his security, *in personam.*

If all other things, however, were regular, the *fieri facias,* in this case, is wholly irregular. The Rev. Code § 20 p. 185, provides that "a special writ of *fieri facias* shall be issued thereon, specifying the class of liens to which the demand belongs, "commanding the sheriff to *se l* the Boat to satisfy the judgment, &c." The *fi. fa.* issued in this case, is a general one upon a general judgment.

GARDNER for appellee.

The judgment in this case is substantially correct, it being an affirmance of the judgment of the justice, and the only judgment that could be rendered by the court, and is a judgment against the Boat, the appellant and the securities in the recognizance as they appear in the recognizance. Revised Statutes Mo. justices courts, act—art. 8, section 4 as to form of recognizance. Sec. 23d. of same act, and the case Hardison vs. Steamboat Cumberland Valley, decided at this term of the court.

It is contended by the appellant in this case that by giving a recognizance for an appeal the Boat was discharged from the lien of the plaintiff's demand. This is manifestly incorrect, as in all suits before justices of the peace under the "act concerning Boats and Vessels," the proceedings must conform to the law, governing other cases in justices courts. See section 24 of the "act concerning Boats and Vessels."

The only way by which a boat can be discharged from the lien of the plaintiff's demand is by *giving a bond before final judgment,* as required by sec. 9, of the act before referred to.

The execution issued in this case, was authority for the sheriff to seize the Boat, and then upon a proper statement of the facts to make an application to the court for an order of sale, as provided for, by section 11, of the act before referred to.

The execution if informal or incorrect could be recalled by the court, and amended—no informality in the execution would be caused for the court to set aside the judgment—it could neither render it void or even voidable.

RYLAND, Judge, delivered the opinion of the court.

This case comes within the principles of the decision made at this term by the court, in the case of Hardison vs Steamboat Cumberland Valley; reference is therefore made to that decision as the one that will govern this.